IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC SCOTT MYERS,
    Plaintiff,

vs.                                    Case No.: 5:12cv259/RS/EMT

SERGEANT WATKINS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's "Reinstatement of Formal Inquirey [sic] of Petition for Injunctive Relief and Application for Default, 'Nunc pro Tunc'" (doc. 75). Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* doc. 1). After he amended his complaint four times, the court dismissed all of his claims against twenty-six of the named Defendants, and permitted only one claim to proceed, that is, Plaintiff's excessive force claim against Sergeant Watkins regarding an alleged use-of-force incident on September 27, 2011 (*see* docs. 49, 52). As to that claim, the court directed service upon Sergeant Watkins and established deadlines for Watkins to file a response to the Fourth Amended Complaint, and his counsel to file a notice of appearance (doc. 57). After both deadlines expired, counsel for Sergeant Watkins filed a notice of appearance and a motion for extension of time to file a response to the complaint (docs. 70, 71). The undersigned granted the motion for extension of time, finding that the late filings were caused by excusable neglect (doc. 72). The undersigned set a deadline of June 2, 2014, for Watkins to file a response to the Fourth Amended Complaint (*id.*).

    The court will first address Plaintiff's request for temporary injunctive relief. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the

discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

In the instant motion, Plaintiff reasserts several allegations he asserted in his Fourth Amended Complaint regarding former Defendants' allegedly denying him access to the state courts (*see* doc. 75 at 2–7, ¶¶ 2–12). He additionally alleges that on February 6, 2014, he had a deadline for filing a "motion for clarification" in a state post-conviction matter, but Officer Connolly refused to notarize a document for him, which caused his "motion for clarification" to be deemed untimely by the state court (doc. 75 at 7–15, ¶¶ 13–16). Plaintiff requests that the court order "this administration" to "produce every article of property both clothing, paperwork, and entertainment

items or replace all said lost articles," or alternatively transfer him to Blackwater River Correctional Institution or Santa Rosa Correctional Institution, to enable him to receive visits from his father (*id.* at 15–17, ¶¶ 17–19).

Plaintiff's allegations do not provide a basis for granting injunctive relief. Plaintiff's access-to-courts claims against all Defendants were previously dismissed by the court. He cannot resurrect them by reasserting them in a motion for injunctive relief. Further, Plaintiff does not seek injunctive relief from Sergeant Watkins, who is the only Defendant in this case; instead, he seeks relief form "this administration." Therefore, his request for injunctive relief should be denied.

Plaintiff additionally seeks entry of default against Sergeant Watkins (*see* doc. 75 at 17). Rule 55 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

In the instant case, the court previously granted Defendant Watkins' motion for extension of time to file a response to the Fourth Amended Complaint (*see* docs. 71, 72). His response is not due until June 2, 2014 (doc. 72). Therefore, the conditions for entering a default are not satisfied.

Plaintiff has failed to demonstrate he is entitled to temporary injunctive relief or entry of default. Therefore, his motion should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Reinstatement of Formal Inquirey [sic] of Petition for Injunctive Relief and Application for Default, 'Nunc pro Tunc'" (doc. 75) be **DENIED**.

At Pensacola, Florida, this 12th day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  See **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**