IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC SCOTT MYERS,
    Plaintiff,

vs.                              Case No.:  5:12cv259/RS/EMT

SERGEANT WATKINS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's document titled "Entering a Default Judgment Rule 55 of the Federal Rules of Civil Procedure" (doc. 86).  Rule 55 provides, in relevant part:

> **(a) Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.**  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> > **(2) By the Court.**  In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

In the instant case, the court previously granted Defendant Watkins' motion for extension of time to file a response to the Fourth Amended Complaint, setting a deadline of June 2, 2014 (*see* docs. 71, 72).  Defendant filed an answer on June 2, 2014 (doc. 83).  Therefore, the conditions for entering a default are not satisfied, and Plaintiff is not entitled to a default judgment.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's request for "Entering a Default Judgment Rule 55 of the Federal Rules of Civil Procedure" (doc. 86) be **DENIED**.

At Pensacola, Florida, this 13th day of June 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**